IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01797-BNB

WILLIAM LEE LORNES THE III, also known as
WILLIAM LEE LORNES,

      Plaintiff,

v.

JHON, a Shireff [sic],
JHON, a Major,
JHON, a Sargent [sic], and
JANE DOW, Foster Mom,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, William Lee Lornes the III, also known as William Lee Lornes, currently is incarcerated at the Denver Van Cise-Simonet Detention Center.  The caption of this order has been corrected to include his alias.  Mr. Lornes submitted to the Court *pro se* on July 10, 2012, in a large manilla envelope a number of loose papers, which the Court made its best efforts to organize on Mr. Lornes' behalf.  The papers were divided into eight lawsuits, one of which is the instant action.  In this action, Mr. Lornes has submitted a Prisoner Complaint (ECF No. 1).

The Court reviewed the document, and determined it was deficient.  Therefore, on July 11, 2012, Magistrate Judge Boyd N. Boland directed Mr. Lornes to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The July 11 order pointed out that Mr. Lornes failed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official.  Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  The July 11 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement.

The July 11 order warned Mr. Lornes that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.  On July 23, 2012, Mr. Lornes submitted an uncertified copy of his trust fund account statement as of July 17, 2012 (ECF No. 5), and a copy of an inmate grievance form (ECF No. 6), both of which lacked a designated docket number.  The documents were filed in each of the cases Mr. Lornes initiated in this Court.  Mr. Lornes is advised that any document he wishes to file in any of his cases in the future must bear the docket number for the case in which he wants the document filed.

Mr. Lornes has failed within the time allowed to cure the designated deficiencies by submitting a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Therefore, the complaint and the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Lornes files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, William Lee Lornes the III, within the time allowed, to cure the deficiencies designated in the order to cure of July 11, 2012.  It is

FURTHER ORDERED that the clerk of the Court is directed to add the alias, William Lee Lornes, to the docketing records for this case.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any document Mr. Lornes wishes to file in any of his cases in this Court in the future must bear the docket number for the case in which he wants the document to be filed.

DATED at Denver, Colorado, this   17th  day of    August        , 2012.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

3